SIMPSON, J. (On Rehearing.)
— While it is true that if a clause of a Constitution of a sister state, after having been construed by the highest court of that state, is copied for the first time into a Constitution adopted by our oavii state, the presumption is that Ave adopted it with its construction, yet this principle has .no application to a case like this one, where the constitutional provision was in our own previous Constitution, so that it cannot be said to- have been taken from the Constitution of the sister state. While, as this court has said, we are *413 “authorized to consult them (the decisions of the highest courts of other states) as other reported cases aid us in arriving at correct conclusions,” yet we “are not permitted to regard them as authoritative and binding expositions.” And this language was used, even where the court was construing a statute of said sister state and the decision was not introduced in evidence.—Nelson v. Goree’s Adm’r, 34 Ala. 566, 580. It is the province of the highest court of each state to construe its own Constitution.—26 Am. & Eng. Ency. Law (2d Ed.) pp. 175, 176. Even the decisions of the Supreme Court of the United States are not binding upon- this court, unless it be in those matters in which said court has appellate jurisdiction.—Id. This court accords the utmost respect 16 the decisions of the highest courts of our sister states, but reserves to itself the right to determine whether they are based upon sound reasoning when applied to our own Constitution and laws. Especially can we not follow them when our own legislative and judicial history has placed a different constrution upon them.
It is true, as suggested by counsel for the petitioner, that our Constitution of 1819 did provide that the vote should be by ballot “until the General Assembly shall otherwise direct”; but it is also true that the General Assembly never did “otherwise direct.” When the statutes provided for the numbering of the ballots, there is nothing to indicate that the Legislature thought it was changing the mode of voting from voting by ballot to any other mode; but, on the contrary, it was always the “ballots” that were numbered, and no Legislature or court of the state seems to ever have had the least idea that we had ceased to vote by “ballot” because they were numbered. This clause was left off the section in the Constitution of 1868, and we continued to have the same kind of numbered ballot, without any safeguards against the ascertainment of the voter’s choice, and so it continued under the Constitution of 1875, until 1878, when the law was changed, for reasons which it is not necessary to rehearse.
The provision to the Constitution of Texas, in place of sustaining the contention of counsel, that the lawmakers of that state understood that the use of the word *414 “ballot” meant such secrecy as to prohibit its being numbered, rather shows the contrary; for that provision is that “in .all elections by the people the vote shall be by ballot, and the Legislature shall provide for the numbering of the tickets.”— Const. Tex. art. 6, § 4. Thus tile voting by ballot and the requirement that they shall be numbered are coupled together by “and” (and not by “but”), indicating clearly that it was not intended as a modification of the word “ballot”; but they still vote by ballot, without qualification, and it is made the duty of the Legislature to provide that the ballot shall be numbered. Judge Cooley says that “a ballot may be defined to be a piece of paper or other suitable material, with the name written or printed upon it of the person to be voted for,” and that the “voter is thus enabled to secure and preserve the most complete and inviolable secrecy.”— Cooley’s Const. Lim. (7th Ed.) p. 910. The use of the word “thus” shows conclusively that it is the voting in the manner discribed which enables him to secure the secrecy, and, although he does go on to remark on the “spirit” of the provision, etc., yet he is speaking of the duty of the Legislature, and not of the constitutionality of the act under the Constitution. Nowhere does he declare that an act which does not provide absolutely against all contingencies by which the choice of the voter can be ascertained is violative of the constitutional provision, but, on the contrary, he goes on' to discuss devices which are adopted to ascertain how the voter has voted, and says that, while they may not render the election void, they are reprehensible, etc.—Page 912.
The rehearing is denied.' The entire court sitting and concurring in overruling the motion for a rehearing.